In re KRAFT.

(Circuit Court, S. D. New York. January 23, 1893.)

CUSTOMS DUTIES — DYED MOSS — ACT OF OCTOBER 1, 1890 — CONSTRUCTION OF PARAGRAPH 24.

Dyed moss, used by florists, *held* to be dutiable at 10 per cent. ad valorem, under paragraph 24 of the act of October 1, 1890, as "Mosses

\* \* \* not edible, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture," and not at 20 per cent. ad valorem, under section 4 of said act, as a nonenumerated manufactured article.

At Law. Appeal from decision of United States general appraisers. Reversed.

The imported merchandise in this case consisted of moss, cleaned, dyed, sorted, and boxed, chiefly used by florists, and not used as a drug, nor for chemical purposes. The collector of customs at New York assessed duty thereon at the rate of 20 per cent. ad valorem, as a nonenumerated manufactured article, under section 4 of the tariff act of October 1, 1890.

The importer duly protested, claiming the same to be dutiable at 10 per cent. ad valorem, under language of the following paragraph of said act: Paragraph 24: "Drugs, such as barks, beans, berries, balsams, buds, bulbs, and bulbous roots, and excrescences, such as nutgalls, fruits, flowers, dried fibers, grains, gums, and gum resins, herbs, leaves, lichens, mosses, nuts, roots, and stems, spices, vegetables, seeds, (aromatic, not garden seeds,) and seeds of morbid growth, weeds, woods used expressly for dyeing, and dried insects, any of the foregoing which are not edible, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially provided for in this act, ten per centum ad valorem." The United States general appraisers decided against the importer, affirmed the decision of the collector, and held that paragraph 24 did not cover the merchandise, because it was not a drug, nor used as a drug. The importer appealed to the United States circuit court, under the provisions of the act of June 10, 1890.

It was contended on behalf of the collector that the first three words of paragraph 24, to wit, "Drugs, such as," qualified, restricted, and covered all of the articles mentioned therein, and that the act of October 1, 1890, had altered the language of the corresponding paragraph of the previous tariff act of March 3, 1883, (paragraph 94 of the act of 1883,) by the insertion of the above three words; that there had also been a similar alteration of paragraph 636 of the act of 1883, in paragraph 560 of the act of 1890, thus denoting an intention of congress to include in said paragraphs 24 and 560 of the later act only such articles therein named as were drugs, or used as drugs. On behalf of the importer it was argued that the words, "Drugs, such as," in paragraph 24, only covered and qualified the succeeding words, "barks, beans, berries, balsams, buds, bulbs, and bulbous roots," and did not cover the other articles named therein, such as "mosses," etc.

Edward Mitchell, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty., for collector.

Stephen G. Clarke, for importer.

LACOMBE, Circuit Judge. The alleged intention of congress to include in paragraph 24 only such articles as are drugs is not shown by the language of that paragraph. As "mosses \* \* \* advanced in value or condition by any process of manufacture" are therein specifically designated, the decision of the board is reversed, and it is directed that the articles be classified under paragraph 24.