SHAW, Collector, v. PRIOR et al.

(Circuit Court, D. Maryland. May 8, 1895.)

1. CUSTOMS DUTIES—SUFFICIENCY OF PROTEST.
    P. & Co. imported a quantity of moss, which was classified by the collector as dyed moss, dutiable, under section 4 of the tariff act of October 1, 1890, at 20 per cent., as an unenumerated manufactured article. P. & Co. filed a protest, claiming that the moss should be subject either to a duty of 10 per cent., under paragraph 24 of the act, or free, under paragraph 653. as they were unable to detect that the moss had undergone any process of manufacture. *Held*, that if the moss was free, either under paragraph 653 or paragraph 560, the protest was sufficiently definite and precise.

2. SAME—MOSSES—PARAGRAPHS 24 AND 560, TARIFF ACT OF 1890.
    It seems that paragraphs 24 and 560 of the tariff act of 1890 cover only such articles as are drugs, and that mosses, which are not used as drugs, and are crude and unmanufactured, are properly classified under paragraph 653 of the act. In re Kraft, 53 Fed. 1016, doubted.

This was an application by Frank T. Shaw, the collector of customs at Baltimore, for a review of the decision of the board of general appraisers reversing the decision of the collector as to the rate of duty on certain merchandise imported by E. A. Prior & Co.

Wm. L. Marbury, U. S. Dist. Atty., for appellant.

MORRIS, District Judge. The duty on this importation was assessed by the collector at 20 per cent., as a dyed moss, and classified under section 4, as an unenumerated manufactured article. The importers protested, and appealed to the board of United States general appraisers at New York. By the testimony before the general appraisers, it was shown that it was not a manufactured article, but a natural, dried moss; and, although part of the substance had a vivid green color, the testimony proved that it was not in any way artificially colored. The decision of the board of appraisers was as follows (opinion by Sharretts, G. A.):

"The merchandise covered by this protest is natural, dried moss. This substance is of a vivid green color, and was classified by the collector as an unenumerated manufactured article, in accordance with General Appraisers, 1352, covering dyed moss. The appellants claim that said merchandise is entitled to free entry under paragraph 653, Free List. The dyed moss considered in General Appraisers, 1352, was of a dark green color in every part thereof, while the stems and fibrous roots of the moss now under consideration are not artificially colored, and are dark brown or dark gray in color. The board submitted the official sample of the merchandise to the chemist in charge of the laboratory of the appraiser's department in New York for analysis. From the result of said analysis, and on the exhibits, consideration also being given to the testimony taken in Birge, Donovan & Co. v. Collector at Philadelphia, General Appraisers, 2109. we make the following findings of fact, viz.: (1) That the merchandise is crude moss, not colored or dyed, or otherwise manufactured. (2) That said moss is not a drug. On these facts, we think the merchandise is entitled to free entry, under paragraph 653, as claimed by the appellants. In reaching this conclusion, we are not unmindful of the point suggested to the effect that if dyed moss is dutiable at 10 per cent. under paragraph 24, as decided by the circuit court at New York, then moss not edible, and not advanced in value or condition by refining or grinding or other process of manufacture, would seem to fall for classification under paragraph 560, and not under paragraph 653, in which case this protest would have to be overruled, on the ground that the appellants had claimed relief under the wrong paragraph. We are of opinion, however, for the reason set forth at some length in General Appraisers, 2109, that paragraph 560, as well as paragraph 24, applies exclusively to drugs; and, inasmuch as the moss in question is not a drug, we hold the same is denominatively provided for in paragraph 653. The protest is accordingly sustained, and the collector's decision is reversed."

It is now conceded that the original classification by the collector was wrong, and that it is a natural, unmanufactured article, entitled to be admitted free; but it is contended that the importer was in error in his protest filed August 30, 1892, in which he claims that it should be subject either to a duty of 10 per cent., under paragraph 24, or free, under paragraph 653; it being contended that by a ruling of the circuit court for the Southern district of New York, rendered January 23, 1893, the article was free, under paragraph 560, and not under paragraph 653, cited in the importer's protest. The paragraphs under the act of October 1, 1890, are as follows:

"24. Drugs, such as barks, beans, berries, balsams, buds, bulbs and bulbous roots, and excrescences, such as nutgalls, fruits, flowers, dried fibers, grains, gums and gum resins, herbs, leaves, lichens, mosses, nuts, roots and stems, spices, vegetables, seeds (aromatic, not garden seeds), and seeds of morbid growth, weeds, woods used expressly for dyeing, and dried insects, any of the foregoing which are not edible, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially provided for in this act, ten per centum ad valorem."

"560 (Free List). Drugs, such as barks, beans, berries, balsams, buds, bulbs and bulbous roots, excrescences, such as nutgalls, fruits, flowers, dried fibers and dried insects, grains, gums and gum resins, herbs, leaves, lichens, mosses, nuts, roots and stems, spices, vegetables, seeds aromatic, and seeds of morbid growth, weeds and woods used expressly for dyeing; any of the foregoing which are not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially provided for in this act."

"653 (Free List). Moss, sea weeds and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this act."

It is provided by section 14 of the act of June 10, 1890, in the same language used in section 2931 of the Revised Statutes, that the protest shall be in writing, and that the importer shall set forth therein "distinctly and specifically the grounds of his objection thereto." This has been held not to require technical precision, and that the protest "is sufficient if it shows fairly that the objection afterwards made at the trial was in the mind of the party, and was brought to the knowledge of the collector, so as to secure to the government the practical advantage which the statute was designed to secure." Arthur v. Morgan, 112 U. S. 495–501, 5 Sup. Ct. 241. The ruling by Judge Curtis, which was approved by the supreme court, is that it was sufficient to notify the collector of the true nature and character of the objection, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated. It is further held that there were two objects to be secured by the requirement of the act of congress: (1) To apprise the collector of the objections urged by the importer before it should be too late to remove them, if capable of being removed; (2) to hold the importer to the objections he then contemplated, on which he really acted, and prevent him, or others in his behalf, from seeking out defects after the business should be closed. The cases in which these rulings were made are all cited and approved in Herrman v. Robertson, 152 U. S. 521, 14 Sup. Ct. 686.

The protest in the present case states that the importer objected to the duties assessed, "claiming that the same should be subject either to a duty of 10 per cent., under paragraph 24, or free, under paragraph 653, as we are unable to detect that the moss has undergone any process of manufacture." This protest brought specifically to the attention of the collector the real ground of the objection, viz. that the moss was a crude, unmanufactured article, and had not been advanced in value by any process of manufacture. This was the ground of the objection, as understood by the collector, as appears from the report made by the appraiser at Baltimore to the collector, in which he states that the importers

claim that the merchandise should be free, or subject to the duty of 10 per cent. ad valorem, and reports "that the goods in question, dyed moss, a sample of which is inclosed, are similar in character to the merchandise described in decision No. 12,703, made by the Hon. board of general appraisers, April 6, 1892. In that case the ruling was that the proper classification fell under section 4, at the rate of 20 per cent. ad valorem." The ruling of the board of general appraisers of April 6, 1892, referred to in the above report (In re Kraft, General Appraisers, 1352), had reference to moss which had been dyed. The board of appraisers held that the dyeing constituted a process of manufacture, and that dyed moss was to be classed as a manufactured article not specially enumerated or provided for, and was dutiable under section 4, at 20 per cent., and was not to be classed as one of the articles enumerated in paragraph 24, as was claimed by the importer, and dutiable only at 10 per cent. ad valorem. In the present case, on the appeal to the board of general appraisers, the only question considered was the sole one raised by the protest, viz. was the moss dyed, or in its natural state? If it was a natural moss, crude and unmanufactured, it was on the free list, and it made no difference in the consideration of the case whether it was properly to be classed under paragraph 560 or paragraph 653 of the free list of the tariff of 1890.

In my opinion, the protest meets all the requirements which have been held to be essential in such a document. To hold otherwise would be to require a technical precision, not only not customary in documents of a like nature, but not required in any practical affairs. The protest stated the real objection. It raised the real question of fact on which the classification depended. The collector understood precisely what the objection was, and what the question of fact was. He referred that question of fact to the local appraiser, who examined the goods, and decided the issue against the importers. Before the board of general appraisers the same question of fact was the only issue, and they had it investigated by the government expert, and on his report they decided in favor of the importers. I hold that the protest ought to be held sufficient, no matter whether the imported article is exempt from duty under paragraph 560 or paragraph 653.

But the general appraisers held that, if the article was to be classified under paragraph 560, then the protest was insufficient, because the importer had cited paragraph 653, and the correctness of their ruling in this respect has been raised by this appeal. In the case of In re Kraft, 53 Fed. 1016, it was held in the circuit court for the Southern district of New York that it did not appear from the wording of paragraph 24—and consequently of paragraph 560, which is in similar terms—that those paragraphs were intended to apply only to such articles as are drugs. When this question came up again before the general appraisers, additional testimony was adduced, which has been transmitted with this appeal, which tends to prove that all the articles enumerated in these paragraphs are in some of their forms known to trade and commerce as drugs, so that

to the inference to be drawn from placing paragraph 24 in the act under "Schedule A, chemicals, oils and paints," and the fact that paragraph 24 is susceptible of the construction that only drugs are intended to be enumerated therein, there is now added the fact proven that all the articles enumerated therein are in some of their forms known as drugs. It seems to me, therefore, reasonable to conclude that paragraphs 24 and 560 cover only such mosses as are used as drugs, and that paragraph 653 covers mosses which are not used as drugs, and are crude and unmanufactured. The decision of the board of general appraisers is affirmed.