KESSLER et al. v. UNITED STATES.

(Circuit Court, S. D. New York.   December 21, 1900.)

No. 2,953.

CUSTOMS DUTIES—OLIVE NUTS.

Ground olive nuts are improperly classified for duty as drugs, such as nuts not edible, advanced in value by grinding, "one-fourth of one cent per pound and ten per centum ad valorem," under Act July 24, 1897, par. 20.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

W. Wickham Smith, for appellants.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge.   The merchandise in question is ground olive nuts, assessed for duty as "drugs, such as * * * nuts," etc., "* * * not edible, * * * advanced in value or condition by grinding, * * * one-fourth of one cent per pound and ten per centum ad valorem," under the provisions of paragraph 20 of the act of July 24, 1897.   The importers protested, claiming that they were dutiable at 20 per cent., under section 6 of said act, as a "non-enumerated article, wholly or partly manufactured."   This case is complicated by contrary contentions of the importers in different cases, by references of the board to evidence taken in former cases, and by their antagonistic findings therein, as well as by contradictory decisions of the courts, and by changes in the phraseology of the acts. There is no evidence as to the purpose for which this merchandise is used.   The board originally found, as a fact, that they were not drugs.   Then, in view of the decision of Judge Wheeler in Haulenbeck v. U. S. (C. C.) 84 Fed. 148, they in a later case reversed their former decision.   It does not seem necessary to discuss the conflicting constructions of the similar paragraph (24) of the statute of 1890 adopted by the courts in the Second and Third circuits, as shown by the opinions in Re Kraft (C. C.) 53 Fed. 1016, and in Shaw v. Prior (C. C.) 68 Fed. 421.   It would seem that Judge Wheeler followed the construction in Shaw v. Prior, and held that as these were nuts, and not edible, they were dutiable under said paragraph 24 of the act of 1890, irrespective of the question whether they were drugs or not.   In the act of 1897, however, congress has inserted the words "which are drugs," thus removing all doubt as to the construction of the statute.   In these circumstances, the board, although they found that the article was not a drug, seem to have decided this case upon the construction adopted by Judge Wheeler under the act of 1890, which construction is not possible under the altered phraseology of the act of 1897.   The decision of the board of general appraisers is therefore reversed.