Memorandum and Order
 

 MALETZ, Judge:
 

 This is an action filed under 28 U.S.C. § 1581(i)
 
 [1]
 
 in which plaintiff, Uniroyal, Inc., an importer of leather uppers and rubber soles manufactured in Indonesia, seeks declaratory and injunctive relief from a United States Customs Service’s determination that the merchandise must be marked with the country of origin. Defendant contends that the action should be dismissed for lack of jurisdiction and failure to exhaust administrative remedies.
 

 The facts are these. The merchandise was entered for consumption on January 2,
 
 *656
 
 1980 and January 16, 1980 (entry Nos. 615934 and 615975). On January 21, 1980 and January 22, 1980, pursuant to 19 C.F.R. § 134.51(a),
 
 [2]
 
 the Customs Service issued a Notice of Redelivery as to each of these entries, thereby requiring Uniroyal to redeliver the merchandise to Customs' custody or to mark the merchandise with the country of origin in conformity with section 304 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1304(a).
 
 [3]
 
 The Notice of Redelivery advised that unless such steps were taken within 30 days, Uniroyal would be liable for liquidated damages.
 

 Uniroyal did not redeliver or mark the merchandise as required by the Notices of Redelivery and did not file a protest of the Notices of Redelivery as permitted by 19 U.S.C. § 1514(a)(4).
 
 [4]
 

 What Uniroyal did instead was submit on March 4, 1980 an internal advice request as to whether the “ultimate purchaser” exemption provided for in 19 U.S.C. § 1304(a)(3)(H)
 
 [5]
 
 was, as Uniroyal contended, applicable to entries 615934 and 615975. In response to this request, Customs Headquarters issued a ruling, dated July 2, 1981, holding that the uppers and soles were required to be marked individually with the country of origin.
 

 On August 28, 1981, Uniroyal filed this action seeking a declaration that the merchandise need not be marked with the country of origin. Thereafter, on November 13, 1981, plaintiff applied for a preliminary injunction to restrain the Customs Service from issuing additional notices to mark or redeliver; from initiating any demand for liquidated damages pursuant to 19 C.F.R. § 134.54(a); and from assessing any additional marking duties. Relevant to this application, it is to be noted that subsequent to entries 615934 and 615975, Uniroyal imported additional quantities of the same merchandise and received additional Notices of Redelivery from Customs.
 

 In arguing for dismissal, defendant stresses the fact that a demand for redelivery is protestable under 19 U.S.C. § 1514(a)(4) and that the denial of such a protest may be reviewed by this court pursuant to 28 U.S.C. § 1581(a).
 
 [6]
 
 Because of the availability of such protest and review, the argument proceeds, this court’s broad residual jurisdiction provided for in 28 U.S.C. § 1581(i) may not be invoked here. This same contention was, however, rejected in
 
 Wear Me Apparel Corp. v. United States,
 
 1 CIT -, 511 F.Supp. 814, 817 (1981), where the court stated that “ * * *
 
 *657
 
 section 1581(i) does not require the filing or denial of a protest as a prerequisite for the exercise of jurisdiction by this court.”
 

 Defendant also contends, in the alternative, that plaintiff has failed' to exhaust its administrative remedies as required by 28 U.S.C. § 2637(d) which states that this court “shall, where appropriate, require the exhaustion of administrative remedies.” The question presented then is whether given the circumstances here, it would be appropriate for the court to require further administrative proceedings.
 

 As noted earlier, Uniroyal filed a request for internal advice from Customs Headquarters on March 4, 1980, pursuant to section 177.11 of the Customs Regulations (19 C.F.R. § 177.11).
 
 [7]
 
 In its request, Uniroyal contended that the merchandise need not be marked with the country of origin because the ultimate purchaser exception of section 304(a)(3)(H) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1304(a)(3)(H), was applicable. This contention was, however, specifically rejected by Customs Headquarters in a ruling dated July 2, 1981. The significance of this response to plaintiff’s request for internal advice is made clear by 19 C.F.R. § 177.11(b)(6) which states:
 

 (6)
 
 Effect of advice received from the Headquarters Office.
 
 Advice furnished by the Headquarters Office in response to a request therefor represents the official position of the Customs Service as to the application of the Customs laws to the facts of a specific transaction. If the field office believes that the advice furnished by the Headquarters Office should be reconsidered, it shall promptly request such reconsideration. Otherwise, the advice furnished by the Headquarters Office will be applied by the field office in its disposition of the Customs transaction in question.
 

 Here, the field office has not requested reconsideration and the ruling is therefore controlling authority governing not only field office determinations as to whether the marking of plaintiff’s merchandise is required but also the disposition of any protest which might be filed challenging such field office determinations. Stated otherwise, a protest by plaintiff of Customs’ marking requirement on the ground that such requirement violates the ultimate user exception would present nothing for resolution as Customs has already authoritatively determined this precise question. Because of this, the court concludes that no legitimate interest of defendant will be served by requiring plaintiff to file a protest here and that mandating further administrative proceeding would be purposeless and thus not appropriate. See, e.g.,
 
 Porter Cty. Chap. of Izaak Walton League v. Costle,
 
 571 F.2d 359, 363 (7th Cir. 1978),
 
 cert. denied,
 
 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 130 (1978);
 
 Am. Fed. of Government Emp. v. Dunn,
 
 561 F.2d 1310, 1314 (9th Cir. 1977).
 

 This does not mean that litigants may file requests for internal advice in order to avoid the general requirement that they obtain a denied protest before seeking judicial review. In this connection, 19 C.F.R. § 177.11(b)(5)(h) provides:
 

 The Headquarters Office may refuse to consider the questions presented to it in the form of a request for internal advice whenever * * * (ii) the questions presented can subsequently be raised by the importer or other interested party in the form of a protest filed in accordance with the provisions of Part 174 of this chapter.
 

 Thus, where Customs declines to provide internal advice a litigant will normally be required to obtain a denied protest. Here, however, where Customs elected to furnish dispositive advice and did not rely upon its own regulation permitting it to withhold
 
 *658
 
 such advice in favor of having a protest filed, the court sees no reason why a denied protest should now be required of plaintiff.
 

 Accordingly, defendant’s motion to dismiss is denied. Defendant is directed to file an answer to the complaint on or before December 11, 1981. A hearing on plaintiff’s application for a preliminary injunction will be held on December 17, 1981 at 9:30 A.M. That hearing, pursuant to rule 65(a)(2), will be consolidated with a trial of the action on the merits.
 

 [1]
 

 . 28 U.S.C. § 1581(i) provides:
 

 (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
 

 (1) revenue from imports or tonnage;
 

 (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
 

 (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
 

 (4) administration and enforcement with respect to the matters referred to in paragraphs (l)-(3) of this subsection and subsections (a)-(h) of this section.
 

 [2]
 

 . 19 C.F.R. § 134.51(a) provides:
 

 (a)
 
 Notice to mark or redeliver.
 
 When articles or containers are found upon examination not to be legally marked, the district director shall notify the importer on Customs Form 4647 to arrange with the district director’s office to properly mark the article or containers, or to return all released articles to Customs custody for marking, exportation, or destruction.
 

 [3]
 

 . 19 U.S.C. § 1304(a) provides in part:
 

 (a) Except as hereinafter provided, every article of foreign origin (or its container, as provided in subsection (b) hereof) imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article. * * *
 

 [4]
 

 . Effective November 1, 1980, 19 U.S.C. § 1514(a)(4) provided specifically for the filing of protests to review “the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, * * *. Prior to that date, notices to redeliver were protestable as decisions to exclude merchandise from entry or delivery. See
 
 Wear Me Apparel Corp. v. United States,
 
 1 CIT-, Slip Op. 80-13 (Dec. 15, 1980).
 

 [5]
 

 . 19 U.S.C. § 1304(a)(3)(H) provides that articles may be exempted from the requirement that they be marked with their country of origin if:
 

 An ultimate purchaser, by reason of the character of such article or by reason of the circumstances of its importation, must necessarily know the country of origin of such article even though it is not marked to indicate its origin; * * *
 

 [6]
 

 . 28 U.S.C. § 1581(a) provides that:
 

 (a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.
 

 [7]
 

 . 19 C.F.R. § 177.11(b) provides:
 

 (2) * * * Internal advice will be sought by a Customs Service field office with respect to a current transaction for which no ruling was requested or issued under the provisions of this part whenever a difference of opinion exists as to the interpretation or proper application of the Customs and related laws to the transaction, and the field office is requested to seek such advice by an importer or other person who would have been entitled, under § 177.1(c), to request a ruling with respect to the transaction, while prospective. * * *