The foregoing constitutes the decision and order of the Court.

UNITED STATES, PLAINTIFF *v.* ACCURATE MOULD COMPANY, LTD., AND JOHN V. CARR & SON, INC., DEFENDANTS

Court No. 82-2-00164

Before RE, *Chief Judge.*

---

[20] Silver points out that the dumping margins found by Commerce in its original fair value investigation include the adjustments made to foreign market value pursuant to 19 CFR § 353.15(c), and (d) predicated upon the ESP offset and the cost of the differences in circumstances of sale, which adjustments are now challenged by SCM for the first time when made in the early determination of antidumping duties. Hence, argues Silver, if Commerce's decision under section 736 (the early determination of antidumping duties) is illegal or improper, the results of the original fair value investigation are also illegal or improper. However, in view of the conclusions reached in this case, it is unnecessary to address this issue.

(Dated May 5, 1982)

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch; *A. David Lafer,* for the plaintiff.
*Richard A. Kulics,* for Accurate Mould Company, Ltd., defendant.
*Chet K. Wilson,* for John V. Carr & Son, Inc., defendant.

Re, *Chief Judge:* Pursuant to 28 U.S.C. § 255, and Rule 77(d)(2) of the Rules of the United States Court of International Trade,[1] plaintiff moves for an order by the chief judge designating a three-judge panel to hear and determine all matters relating to this court's subject matter jurisdiction over the case at bar.

Section 255, which is entitled "Three-judge trials," provides:

> (a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws.
>
> (b) A majority of the three judges designated may hear and determine the civil action and all questions pending therein.

Plaintiff does not claim that the questions presented in the case at bar involve the constitutionality of an Act of Congress, a proclamation of the President or an Executive Order. Therefore, a decision designating a three-judge panel in this case must depend upon a finding by the chief judge that the resolution of the issues raised will have "broad or significant implications in the administration or interpretation of the customs laws." For the reasons stated herein, the court has determined that the circumstances of the present case do not warrant the designation of a three-judge panel.

In this action, plaintiff alleges that the defendants were responsible for fraudulent misrepresentations made with respect to merchandise imported during 1976. Consequently, it asks the Court of International Trade to impose civil penalties on the defendants pursuant to section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592 (Supp. II 1978), *as amended by* the Customs Courts Act of 1980, Pub. L. No. 96–417, § 609, 94 Stat. 1727. Plaintiff asserts that the Court of International Trade has jurisdiction over all civil penalty actions brought under section 592 by virtue of 28 U.S.C. § 1582.

---

[1] Rule 77(d)(2) provides:

"(2) *Assignment to Three-Judge Panel.* An action may be assigned by the chief judge to a three-judge panel either upon motion, or upon his own initiative, when the chief judge finds that the action raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive order; or has broad and significant implications in the administration or interpretation of the law."

Replying on the recently decided case of the *United States* v. *Digital Equipment Corp.,* 3 CIT 52, Slip Op. 82–11 (Jan. 29, 1982) (petition for rehearing pending), defendants have moved to dismiss the action for lack of subject matter jurisdiction. In *Digital,* Judge Scovel Richardson considered the effect of the Customs Courts Act of 1980 on jurisdiction over civil penalty actions arising under section 592. Judge Richardson concluded that, under the 1980 Act, the United States district courts have jurisdiction over those section 592 penalty actions which involve goods imported prior to October 3, 1978, and that the Court of International Trade has jurisdiction over all section 592 actions involving goods imported on or after that date.[2]

One of the overriding purposes of the Customs Courts Act of 1980 was to delineate clearly the subject matter jurisdiction of the Court of International Trade, and thereby eliminate the confusion that previously existed as to the district courts' jurisdiction over customs and international trade matters. *See* H.R. Rep. No. 1235, 96th Cong., 2d Sess. 28 (1980), *reprinted in* [1980] U.S. Code Cong. & Ad. News 3729, 3739. Consistent with this purpose, the Act transferred jurisdiction over section 592 civil penalty actions from the district courts to the Court of International Trade. Plaintiff maintains that the court's opinion in *Digital* has blurred the jurisdictional lines between the district courts and the Court of International Trade, and, as a result, the district courts may be required to reassume jurisdiction over some section 592 actions. It is the resolution of this jurisdictional issue that plaintiff contends will have broad or significant implications in the administration or interpretation of the customs laws.

Plaintiff argues that because the court must, in this case, resolve "important questions" concerning its subject matter jurisdiction, the case should be decided by a three-judge panel. The appointment of a three-judge panel, however, is an exception to the general policy set forth in 28 U.S.C. § 254, which declares that "the judicial power of the Court of International Trade * * * *shall be exercised by a single judge.* " [Emphasis added.] It is only upon a clear showing of special factors or exceptional circumstances that a three-judge panel is warranted. *SCM Corp.* v. *United States* (Brother Int'l Corp., party in interest), 79 Cust. Ct. 163, 167, C.R.D. 77–6 435 F. Supp. 1224, 1228 (1977).

The presence of an important jurisdictional issue does not, by itself, make this case exceptional. Since the enactment of the Customs Courts Act of 1980, a single-judge court has on numerous occasions decided far-reaching questions affecting this court's subject matter jurisdiction. *See, e.g., Sanho Collections* v. *United States,* 1

---

[2] The Customs Procedural Reform and Simplification Act of 1978, Pub. L. No. 95–410, 92 Stat. 888, amended section 592 to authorize the imposition of an *in personam* civil penalty against any party importing merchandise into the United States by means of false documents or statements. Prior to 1978, the government's remedy against parties submitting false documents was an *in rem* proceeding resulting in forfeiture of the goods involved.

CIT 6, Slip Op. 80–2, 505 F. Supp. 204 (Nov. 14, 1980) (jurisdiction over CITA's reduction of an import quota); *DiJub Leasing Corp.* v. *United States,* 1 CIT 42, Slip Op. 80–9, 505 F. Supp. 1113 (Dec. 5, 1980) (jurisdiction over the revocation of a customhouse cartman's license); *Associated Dry Goods Corp.* v. *United States,* 2 CIT 51, Slip Op. 81–70, 521 F. Supp. 473 (Aug. 5, 1981) (jurisdiction over the exclusion of merchandise subject to an import quota); *Uniroyal, Inc.* v. *United States,* 2 CIT 259, Slip Op. 81–113, 529 F. Supp. 661 (Dec. 4, 1981), *aff'd on rehearing,* 2 CIT 291, Slip Op. 81–118 (Dec. 21, 1981), *appeal pending,* (jurisdiction over a marking determination by Customs). Indeed, the *Digital* case, which raised jurisdictional issues identical to those in the instant action, was decided by a single-judge court. Furthermore, since the ultimate decision in this case will apply only to those section 592 civil penalty actions which involve merchandise imported prior to 1978, the holding will provide only a narrow precedent, applicable to a dwindling number of cases.

Finally, policy considerations dictate that plaintiff's motion not be granted. Designating a three-judge panel to hear the present case would establish a precedent for a three-judge panel whenever the court's jurisdiction under the Customs Courts Act of 1980 is in issue. In view of the frequency with which jurisdictional issues are raised in this court, such a precedent would contravene the principle of judicial administration which requires conservation of judicial resources.

It is the determination of the court that the plaintiff has failed to demonstrate that this case involves special factors which make it exceptional in customs law, or that it will have "broad or significant implications in the administration or interpretation of the customs laws" so as to warrant the designation of a three-judge panel.

Accordingly, plaintiff's motion is denied.