## D. STONE INDUSTRIES, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

### Court No. 84–8–01091

Before RAO, *Judge.*

(Dated February 5, 1985)

*Seigel, Mandell & Davidson* (*Allen H. Kamnitz* and *Michelle S. Benjamin* on the briefs) for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Field Office, (*Susan Handler-Menahem* on the briefs) for the defendant.

RAO, *Judge:* This case is before the Court on plaintiff's motion for leave to amend the summons, defendant's opposition thereto and motion to dismiss and plaintiff's opposition to defendant's motion to dismiss.

---

Plaintiff claims that protest No. 1001–4–009439 purports to cover entry No. 84–748767–8. No such entry exists and the correct entry number that this protest should cover is No. 84–848767–8 and that this error is a typographical error.

Defendant does not dispute that the error in the summons as to Entry No. 84–848767–8 was due to inadvertence, but takes the position that the action is due to be dismissed as untimely and that therefore, amendment of the summons is a moot point.

The merchandise involved herein consists of wearing apparel described on the invoices as "unisex" knit shirts and is imported into New York from Taiwan. It is plaintiff's claim that the merchandise is classifiable in item 383.80, Tariff Schedules of the United States (TSUS) and requires a visa under category 639. The Customs Service (Customs) determined that the merchandise is properly classifiable under item 379.90, TSUS, requiring a visa under category 638. Since plaintiff did not obtain the cateogry 638 visas, Customs at New York issued Customs form 4647—Notice of Redelivery-Marking, Etc., on March 21, 1984.

Plaintiff wrote to the New York Area Director of Customs on March 16, 19, 29 and 30, 1984, providing additional information supporting its position that the merchandise was intended to be worn by both men and women. On April 11, 1984 the Area Director wrote to plaintiff's counsel denying plaintiff's request to cancel the Notices of Redelivery and stating that all previous submissions were being forwarded to Customs Service Headquarters in Washington for review under the Internal Advice procedure. Plaintiff was advised to make all further inquiries on this question to Customs Service Headquarters in Washington. On May 1 and 14, 1984 plaintiff did make further submissions to the Commissioner of Customs in Washington detailing its position. On July 13, 1984 plaintiff's counsel was notified by the New York Area Director that Customs Headquarters had considered plaintiff's application and had concluded that the merchandise was properly classifiable as menswear under item 379.90, TSUS.

On July 17, 1984 plaintiff filed protests against the "refusal of the Area Director of Customs to cancel the Notice of Redelivery * * * as being improperly issued in that * * * the merchandise is classifiable under the women's and girls' wearing apparel provisions of the TSUS * * * and the goods were properly visaed under category 639 * * *" These protests were denied on July 20, 1984 because the "Original Customs decision [was] reviewed and [was] found to be correct."

This civil action was commenced by the filing of a summons on August 6, 1984. Plaintiff invokes the court's jurisdiction under 28 U.S.C. § 1581(a) which provides that the Court of International Trade shall have exclusive jurisdiction of an action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930. Section 515 of the Tariff Act of 1930, as

amended, provides for the review and disposition of " * * * protests filed in accordance with section 1514." Section 1514 provides, *inter alia,* that a protest may be filed against the decision of the appropriate customs officer who makes a demand for redelivery to Customs custody under any provision of the customs laws, except a determination appealable under section 1337.

Defendant claims that plaintiff's protest, which contested the Area Director's refusal to cancel a notice of redelivery is not provided for in the statute, and that plaintiff did not, in its protest, object to the demand for redelivery. Defendant takes the further position that the demand for redelivery was made on the date that the Notice of Redelivery was issued, viz: March 21, 1984, and that the protests, coming on July 17, 1984 (more than 90 days after the agency action) were untimely.

Plaintiff takes the position that the action of the Area Director did not become final until Customs Headquarters in Washington ruled on the matter. We agree. In *Uniroyal, Inc.* v. *United States,* 2 CIT 259; 529 F. Supp. 661 (1981), the court considered the effect of a request for internal advice and cited with approval 19 C.F.R. § 177.11(b) (6) which states:

> (6) *Effect of advice received from the Headquarters Office.* Advice furnished by the Headquarters Office in response to a request therefor represents the official position of the Customs Service as to the application of the Customs laws to the facts of a specific transaction. If the field office believes that the advice furnished by the Headquarters Office should be reconsidered, it shall promptly request such reconsideration. Otherwise, the advice furnished by the Headquarters Office will be applied by the field office in its disposition of the Customs transaction in question.

We also consider, in determining when the decision of the appropriate customs official became final, the following sections from the Customs Service Regulations: 19 CFR 177.1(a)(2) and 19 CFR 177.9(b)(1):

> § 177.1(a)(2) *Current or completed transactions—(i) Current Transactions.* A question arising in connection with a Customs transaction already before a Customs Service office will normally be resolved by that office in accordance with the principles and precedents previously announced by the Headquarters Office. If such a question cannot be resolved on the basis of clearly established rules set forth in the Customs and related laws, or in the regulations thereunder, or in applicable Treasury Decisions, rulings opinions or court decisions published in the Customs Bulletin, that office may be requested to forward the question to the Headquarters office for consideration, as more fully described in § 177.11.

> § 177.9(b) *Application of rulings to transactions—(1) Generally* * * * The application of a ruling letter by a Customs Service field office to the transaction to which it is purported to relate is

> subject to the verification of the facts incorporated in the ruling letter, a comparison of the transaction described therein to the actual transaction, and the satisfaction of any conditions on which the ruling was based. If, in the opinion of any Customs Service field office by whom the transaction is under consideration or review, the *ruling letter should be modified or revoked,* the findings and recommendations of that office will be forwarded to the Headquarters Office for consideration as provided in § 177.11(b)(1)(i), prior to any *final disposition* with respect to the transaction by that office. Otherwise, if the transaction described in the ruling letter and the actual transaction are the same, and any and all conditions set forth in the ruling letter have been satisfied, *the ruling will be applied to the transaction.* [Emphasis supplied]

Thus, it can be seen that Customs does not even consider the Headquarters Office ruling as final if the facts in the case are different from the facts assumed in the ruling, if verification reveals a different set of circumstances, or, indeed, if some condition precedent must occur before the ruling can be considered binding. However, the preceding excerpts from the Customs Regulations do support the conclusion that it is the Headquarters ruling which will be utilized in the final disposition of the case and that the field office will apply the Headquarters ruling in the transaction.

It is the opinion of this Court that the "decision of the appropriate customs officer" referred to in 19 U.S.C. § 1514(a) was the decision made by the New York Area Director *after* he received the Customs Headquarters ruling dated June 26, 1984, decided to apply it to the case under consideration and informed plaintiff's counsel on July 13, 1984. Accordingly, the protest filed by plaintiff was timely.

As to defendant's claim that the refusal to cancel a notice of redelivery is not a protestable decision, it is the defendant that has chosen to call its demand for redelivery a "notice of redelivery," Customs form 4647, *supra.* It is this notice of demand that plaintiff is protesting, regardless of the wording used in the protest. It has been held that a protest is sufficient if the importer indicates distinctly and definitely the source of its complaint and its design to make it the foundation of a claim against the government. *Arthur* v. *Morgan,* 5 S.Ct. 241, 112 U.S. 495, 28 L.Ed. 825. Protests are not to be strictly construed. *American Export Lines, Inc.* v. *United States,* 496 F.Supp. 1320, 85 Cust. Ct. 20 (1980). Section 1514 of 19 U.S.C. is couched in terms of decisions of appropriate customs officers and provides for the protest of a demand for redelivery to customs custody of merchandise. It was the decision of the Area Director to demand redelivery of the merchandise under consideration because it was *improperly visaed as* determined by Customs Headquarters that was protested, and that claim is discernible from the wording of the protest, particularly since the protest incorporates the Area Director's letter of July 13, 1984 in which he apprises plaintiff of the Headquarters ruling. It is the opinion of this Court that the

summons is sufficient. Therefore, upon reading and filing plaintiff's motion to amend its summons, defendant's motion to dismiss for lack of jurisdiction and plaintiff's opposition thereto, and upon consideration of all other papers and proceedings had herein, it is

ORDERED that defendant's motion to dismiss the summons for lack of jurisdiction be, and the same herby is, denied, and it is further

ORDERED that plaintiff's motion to amend the summons filed herein be, and the same hereby is granted, and the summons is hereby amended to reflect that protest No. 1001–4–009439 covers entry No. 84–848767–8 and that entry No. 84–748767–8 is deleted from the summons.